**UNITED STATES of America, Plaintiff,**

v.

**The CITY OF SPOKANE, Defendant.**

**No. C–88–627–JLQ.**

United States District Court,
E.D. Washington.

Aug. 31, 1989.

David M. Katinsky, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

James C. Sloan, City Atty., Michael A. Nelson, Laurie Flinn Connelly, Spokane, Wash., for defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

QUACKENBUSH, Chief Judge.

BEFORE THE COURT are the parties cross-motions for summary judgment, heard with oral argument on August 28, 1989. David Katinsky and Carroll D. Gray represented plaintiff. James C. Sloane, Michael Nelson and Laurie Flinn Connelly represented defendant.

The United States, on behalf of itself and the Inland Northwest Chapter (INC) of the American National Red Cross, contends that the City of Spokane may not impose tax on gambling proceeds generated by the INC's bingo operation. The argument is

based on the allegation that such taxation violates the Supremacy Clause of the United States Constitution.

The City of Spokane contends that INC is not an instrumentality when acting in the role of a purveyor of gambling, in that gambling is not a vital governmental function. The City further contends that the INC is subject to the Washington State gambling laws and that such regulation includes the tax in question.

### Factual Background

The American National Red Cross, the parent organization of the INC, was chartered by Congress in 1905. By statute, the Red Cross is required to comply with the laws of the United States and the individual states. 36 U.S.C. § 2. The purposes of the American National Red Cross are stated in 36 U.S.C. § 3, and include furnishing aid to the sick and wounded in time of war, and providing voluntary relief. The parent organization establishes, through statutory authority, local chapters such as INC. 36 U.S.C. § 4a. The principal officer of the Red Cross and seven of the 49 other governors composing the Board of Governors, the governing body of the Red Cross, are appointed by the President of the United States.

The Red Cross has been charged by the United States Government with the responsibility of meeting the commitments of the United States under several Geneva conventions, performing services on behalf of the Armed Forces of the United States, and assisting the federal government in providing disaster relief to states when needed.

The federal government has provided substantial assistance to the Red Cross, but has authorized the Red Cross to sustain itself primarily through independent fund raising. Every year, the Red Cross is required to provide to the Department of Defense a financial report of its activities during the previous year, which is audited by the Department of Defense and transmitted to Congress.

The INC is a duly constituted local unit of the Red Cross, chartered in 1914. The INC is responsible for providing all Red Cross services within its territorial jurisdiction and for raising the funds necessary to make these services available.

The services provided by the INC include the preparation for and operation of disaster relief programs—including food, shelter, clothing, medical and nursing care, and occupational tools and equipment; providing the emergency communications link between the people of its territorial jurisdiction and family members serving in the United States Armed Forces concerning the death or critical illness of a family member; providing health promotion and training, including parenting, babysitting, teen pregnancy, and AIDS education, hypertension and cholesterol screening and education, and other community health promotion; and providing volunteer assistance to local hospitals, including the Veterans Administration and military hospitals.

Since 1981, the INC has conducted regular bingo games in compliance with state law. Employees who work in the bingo operations are employees of the Red Cross, not employees of the United States, and have been recognized by the Washington State Gambling Committee. Two of the Red Cross employees have duties involving both bingo and non-bingo operations. Other employees are only involved in the bingo operations. Those who work exclusively in the bingo operations are paid by the Red Cross under the same nonprofit taxpayer identification number as those who work in other Red Cross operations. Those who work exclusively in the bingo operations participate in the same retirement program, have the same medical coverage, are covered under the same Red Cross liability insurance policy, and are subject to the same by-laws and personnel policies as employees who work in other Red Cross operations.

The City of Spokane has been taxing the revenues of the INC's bingo games and pull tabs since 1982 at 10 percent.

In 1985, INC filed a Request for Tax Refund with the State of Washington Department of Revenue, requesting a refund of all business and occupation taxes paid

by the INC to the Department of Revenue subsequent to July 1, 1980. The basis of the petition was the constitutional immunity of the Red Cross from state and local taxation. The Department of Revenue ruled that INC, as a federal instrumentality exempt from taxation, was entitled to the refund and cessation of further taxation.

On February 28, 1986, INC filed a Request for Refund with the City of Spokane, requesting a refund of all gambling taxes imposed upon INC subsequent to July 1, 1980. The request was denied by the City by letter dated May 20, 1986.

### Discussion

■ The Supremacy Clause of the United States Constitution states:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The Supreme Court in *McCulloch v. Maryland*, 4 Wheat 316 (1819), interpreted the Supremacy Clause as prohibiting the states from taxing the United States and its instrumentalities, unless the United States expressly waived its immunity from state taxation. This court is bound by *McCulloch*.

In *James v. Dravo Contracting*, 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155 (1937), the Court suggested that a state tax is impermissible when the tax entity is "so intimately connected with the exercise of a power or the performance of a duty" by the Government that taxation of it would be "a direct interference with the functions of government itself." Whether such is the case here can be argued both ways. Plaintiff argues that any organization found to be an instrumentality of the United States Government is immune for any state or local taxation, regardless of the activity the instrumentality is conducting.

The City ably argues that the immunity only applies when the subject activity is connected with the performance of a duty.

The United States Supreme Court has unanimously ruled that the American National Red Cross is exempt from state and local taxation and that the immunity has not been waived. *Department of Employment v. United States*, 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966). The Court found that Colorado could not impose an unemployment compensation tax upon wages paid to Colorado-based employees of the Red Cross.

On the merits, we hold that the Red Cross is an instrumentality of the United States for purposes of immunity, and that this immunity has not been waived by congressional enactment. Although there is no simple test for ascertaining whether an institution is so closely related to governmental activity as to become a tax-immune instrumentality, the Red Cross is clearly such an instrumentality.

*Id.* at 358–59, 87 S.Ct. at 466–67.

The Court held that the Red Cross is a federal instrumentality despite acknowledged differences between it and a typical government agency.

The City relies on *United States v. New Mexico*, 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982). However, the issue in that case was not whether the Red Cross was taxable, as was the issue in *Department of Employment, supra*. Rather, the issue in *New Mexico* was "to what extent may a State impose taxes on contractors that do business with the Federal Government?" *New Mexico, supra* at 722, 102 S.Ct. at 1376. The Court stated that the taxes involved were not imposed on the "receipts of the United States or any agency or instrumentality thereof." *Id.* at 728, 102 S.Ct. at 1379.

The City does not dispute that the Red Cross is an instrumentality of the Federal Government as to its governmental functions. However, it argues that gambling is not a necessary governmental function which would invoke immunity from taxation. Rather, the City argues that gam-

bling is a proprietary function. The Supreme Court rejected a similar claim in *Federal Land Bank v. Kiowa County*, 368 U.S. 146, 82 S.Ct. 282, 7 L.Ed.2d 199 (1961).

> Legitimate activities of governments are sometimes classified as "governmental" or "proprietary"; however, our decisions have made it clear that the Federal Government performs no "proprietary" functions. If the enabling Act is constitutional and if the instrumentality's activity is within the authority granted by the Act, a governmental function is being performed.

*Id.* at 150–51, 82 S.Ct. at 285–86.

The City has not argued that the Red Cross Charter is unconstitutional or that INC is operating outside the Red Cross Charter in conducting its bingo games. Therefore, it appears clear that the bingo games are a governmental function of an instrumentality of the federal government, rendering the proceeds not subject to state and local taxation. Additionally, the bingo games are a way of raising the funds necessary to make the services rendered by the Red Cross and mandated by the Congress available.

The Government contends that almost 30 other states have exempted the Red Cross from state taxation, and it has provided copies of letters from state Attorneys General, all finding that local chapters of the Red Cross are federal instrumentalities, not subject to state and local taxation. However, those cases are distinguishable, in that they have involved sales tax, gasoline tax, and various use and motor vehicle taxes. None of the cases address the issue of gambling. Nevertheless, they support a finding that the Red Cross is not subject to *any* state or local tax. The City of Spokane has not, and apparently can not, dispute the other state findings and has not identified any state or federal authority that subjects the Red Cross to any state or local taxation on its respective operations.

### Retroactive Application

■ The City contends that if the court concludes that the INC is immune from taxation by the City, the appropriate relief would be to order the City to cease collecting taxes and that a refund of back taxes is not merited.

The Supreme Court has considered three factors when deciding whether a judicial decision should be given retroactive or prospective application in a federal civil case. *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The factors are: (1) whether the decision establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether retroactive operation of the decision will further or retard the purposes of the rule in question; and (3) whether applying the decision retroactively will produce substantial inequitable results. *Id.* at 106–07, 92 S.Ct. at 355–56.

(1) The court finds that granting tax immunity to a function of the Red Cross will not establish a new principle of law in light of *Department of Employment v. United States, supra,* 385 U.S. 355, 87 S.Ct. 464.

(2) The underlying purpose of the Supremacy Clause is to prevent a state from taxing an activity so closely connected to the Government that the two cannot realistically be viewed as separate entities. The Supreme Court in *Department of Employment, supra,* carefully looked at the relationship between the federal government and the Red Cross and found such to be the case.

(3) In balancing the equities, the third *Chevron* factor appears to favor the City. Obviously, the City has spent the funds generated by the gambling tax and they can not be unspent. INC has continued to pay the tax without protest and did not assert any claim for immunity from any taxation until 1985. The record shows that the INC applied for a business and operation tax refund from the State in 1985. The State Department of Revenue found that the Red Cross was an instrumentality of the United States, and sustained INC's request for a refund. INC applied for a gambling tax refund from the City in Feb-

ruary 1986. When the City denied the refund, INC contacted the Department of Justice, which sent a second letter to the City. The City still refused to refund.

Nevertheless, the court finds that the Red Cross must prevail on its Motion for Summary Judgment. The City of Spokane shall forthwith CEASE collecting any gambling tax from the INC. The court further finds that INC is entitled to a REFUND of taxes paid to the City since November 21, 1982 to date, plus interest. As an instrumentality of the United States Government, it is immune from state and local taxation. Congress has not expressly waived that immunity. However, this finding is not based on the equities of this case. The court notes that gambling is an area clearly and traditionally highly regulated. The court suggests that if local taxes are to be applied to INC's bingo revenue, it is a matter for Congressional action.

### Prejudgment Interest

RCW 19.52.010 provides for prejudgment interest at a rate of 12 percent interest. The effective date of the interest rate raise was July 21, 1981.

The award of prejudgment interest is proper when an amount claimed is "liquidated". *Maryhill Museum v. Emil's Concrete*, 50 Wash.App. 895, 902, 751 P.2d 866 (1988); *Prier v. Refrigeration Eng'g Co.*, 74 Wash.2d 25, 32, 442 P.2d 621 (1968). A claim is liquidated "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Prier v. Refrigeration Eng'g Co.*, *supra*.

Here, it is undisputed that the applicable statute of limitation is 6 years. It is possible to compute with exactness the amount of taxes the INC paid to the City of Spokane, which is subject to refund. This action was instituted on November 21, 1988. Therefore, plaintiff shall forthwith serve and file a calculation of all taxes paid to the City from November 21, 1982, until the present time, as well as a calculation of interest at 12 percent due on the money paid to the City in gambling taxes. The City shall file any objections to the calculations within 10 days thereafter.

The court concludes that plaintiff's Motion for Summary Judgment must be and is HEREBY GRANTED and defendant's Motion for Summary Judgment must be and is HEREBY DENIED. The plaintiff is entitled to recover the gambling taxes paid to the City since November 21, 1982, plus interest thereon at 12 percent per annum. The City may not hereafter collect such taxes from the plaintiff.

IT IS SO ORDERED. The Clerk is directed to enter this Opinion and forward copies to counsel.